STATE OF IOWA et al., Appellants, v. NORTHERN IOWA OIL
COMPANY, Appellee.

No. 40248.

FEBRUARY 18, 1930.

*John Fletcher,* Attorney-general, and *Gerald O. Blake,* Assistant Attorney-general, for appellants.

*McCook & Lyons,* for appellee.

STEVENS, J.—It is alleged in the petition that appellees, the
Northern Iowa Oil Company, a copartnership, and V. C. Hardy
and Ernest Peter, copartners, during the month of March, 1929,
imported into this state 10,131 gallons of benzol, to be mixed
with, and sold as, motor-vehicle fuel, under the name of "benzol
gas." The demurrer challenges the sufficiency of the pleadings
to state a cause of action.

Section 5093-a1 of the Code, 1927, provides:

"A license fee of two cents per gallon or fraction of a gal-

lon is hereby imposed on all gasoline used or otherwise disposed of in this state for any purpose whatsoever. Any person using gasoline within the state shall be liable for the fee herein provided for unless the same shall have been previously paid. License fees shall be collected and disposed of in the manner hereinafter provided."

To the tax required to be paid by the foregoing section, an additional one cent per gallon was added by the forty-second general assembly. Chapter 103, Laws of the Forty-second General Assembly.

Appellees are authorized distributors of gasoline, and duly reported to the treasurer of state the number of gallons of gasoline imported during March, 1929, and also the receipt of the benzol in question. Appellee refused, however, to pay the tax demanded on each gallon of the benzol. It is conceded by appellants that gasoline is a petroleum product, and that benzol is a coal-tar product. The claim of appellants, however, is that benzol and gasoline are received by appellee and mixed by them and sold to customers as motor-vehicle fuel. This the demurrer admits.

It will be observed that the tax imposed by the statute is upon each gallon or fraction thereof of gasoline, and that it is distinctively upon gasoline. No one contends that the terms "gasoline" and "benzol" are interchangeable. Benzol is, admittedly, not gasoline.

The question here presented is one of first impression in this state. Appellants do not seek to recover a tax upon a mixture of gasoline and benzol, but upon benzol alone. We are of the opinion that, under established rules of statutory construction, Section 5093-a1 cannot be so extended as to include benzol, a wholly different product. No such legislative purpose can be found therein. The tax is not on motor-vehicle fuel, composed of gasoline and benzol mixed, but, as stated, is on gasoline.

As to whether a mixture of benzol and gasoline sold and used as motor-vehicle fuel may be taxed as gasoline, we express no opinion. The question is not before us. What we decide is that the tax imposed by statute upon gasoline may not be exacted on importations of benzol only. In some jurisdictions, the legislature has used more comprehensive terms, such as "petro-

leum products'' and ''motor vehicle fuels.'' As possibly having some bearing upon the question involved on this appeal, and as illustrative of the course of judicial decisions on similar questions, see *Caldwell v. State,* 115 Ohio St. 458 (154 N. E. 792); *People v. Sterling Refining Co.,* 86 Cal. App. 558 (261 Pac. 1080).

It follows from what has been said that the judgment must be, and it is,—*Affirmed.*

MORLING, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.