**STANDARD OIL CO. v. FITZGERALD,**
**Secretary of State of Michigan.**

**No. 7030.**

Circuit Court of Appeals, Sixth Circuit.

Dec. 15, 1936.

Alex J. Groesbeck, of Detroit, Mich. (R. J. Fellingham, of Chicago, Ill., and Hugh Francis, of Detroit, Mich., on the brief), for appellant.

A. T. Iverson, of Lansing, Mich. (Harry S. Toy and Edmund E. Shepherd, both of Detroit, Mich., on the brief), for appellee.

Before SIMONS and ALLEN, Circuit Judges, and HAHN, District Judge.

SIMONS, Circuit Judge.

The appeal raises a question as to appellant's liability for a tax under the laws of Michigan upon gasoline stored by the appellant within the state after its importation from an Indiana refinery and before its sale or shipment to stations and customers. The bill was filed to enjoin revocation of the appellant's wholesale distributor's license, but the decree was on a counterclaim by the state for taxes alleged to be due. The original appellee having left office, his successor was substituted.

The state of Michigan laid its first gasoline tax by Act No. 2 of the Public Acts of 1925. It was at the rate of two cents per gallon on all gasoline sold or used in the state, it being the declared intent of the act to impose the tax for the privilege of using the public roads and highways of the state by owners of motor vehicles. The tax was to be collected, however, from dealers in gasoline. By an amendatory act (Act No. 150, Public Acts 1927), the tax was increased to three cents per gallon, its declared purpose being identical with that of the original enactment. Section 8 of the 1927 law controls the method and time for the collection of the tax. So far as applicable it reads: "For the purpose of determining the amount of the specific tax herein imposed, every wholesale distributor shall, on or before the twentieth day of each month, file with the secretary of state, on forms prescribed and furnished by him, an itemized statement, under oath, showing the number of gallons of gasoline which has been or is in his or its possession in the state of Michigan on the date this act became effective upon which the tax has not been paid, and all gasoline thereafter received, as shown by the shipper's invoices thereof, by such wholesale distributor in the said state of Michigan from any source whatsoever, during the preceding calendar month. * * * It shall be the duty of each wholesale distributor, at the time of filing such report, to compute the amount of tax payable on account thereof at the rate of three cents per gallon, and to pay to the secretary of state at the time of filing such report the full amount of such tax: Provided, however, that in computing said tax, a deduction of three per cent. of the quantity of gasoline received shall be deducted to allow for evaporation and loss."

Previous to the adoption of the 1925 statute, the appellant had constructed tank farm terminal facilities at River Rouge, Bay City, and Muskegon, Mich. During navigation seasons it transferred gasoline from its refinery at Whiting, Ind., to the tank farms in its own boats. It accounted for its transfers to the tank farms by instruments entitled "Record of Delivery to Vessels," while shipments from the tank farms were represented by "Invoices." The gasoline stored at the tank farms was carried upon the records of its

manufacturing rather than of its sales division, and millions of gallons were stored during the summer for distribution through the winter months. As required the gasoline was loaded into tank cars at the farm for shipment to inland storage tanks, whence it was distributed to other wholesalers, the appellant's own sales stations, and to independent sales stations.

After the effective date of the 1927 act, the appellee took the position that the tax should be paid on the gallonage received at the tank farms as shown by the record of shipments thereto, and not on the gallonage shipped from the farms for distribution and sale. The appellant disagreed. There followed conferences and correspondence between its counsel on the one hand, and the Governor, Secretary of State, and Attorney General on the other. The appellant submitted the view that under a proper construction of the statute, having in mind its declared purpose, the possibility that stored gasoline might be shipped out of the state, destroyed by fire, or lost through evaporation or seepage, before sale, the tax should be collected only on the amount shipped, and not on the amount received at the tank farms. As a result of these conferences, the Attorney General informed the appellant that he was in accord with its views and advised the Secretary of State to permit it to pay its gasoline tax upon shipments rather than receipts. The authorities having charge of enforcement thereafter acquiesced in this method of computation and payment.

In 1929 (Pub.Acts Mich.1929, No. 219) the gasoline tax law was again amended. Section 8 was re-enacted in so far as it bears upon the issues here involved in its original form, except that to it was added the following: "And ·provided further, however, That in computing said tax all gasoline while in process of transfer from tank steamers and boat terminal transfers, as defined in this act, and while held in storage, pending wholesale bulk distribution by land transportation, shall be exempt from the payment of said tax."

In 1932 the Secretary of State had an audit made of the books of the appellant, and on May 31st of that year notified it of an unpaid tax liability under the 1927 law, together with penalties and interest, and demanded payment. The plaintiff promptly filed its bill of complaint, seeking a determination of the tax due, and offering to pay the same, and seeking also a temporary injunction to restrain state officers from interfering with its business. The defendant answered with a counterclaim for taxes and penalties due. The cause was referred to a master, who made a complete report, with findings of fact and conclusions of law, and recommended a decree upon the counterclaim for unpaid taxes in the sum of $95,248.89. Exceptions to the master's report were overruled, and a decree entered in conformity therewith, from which this appeal is taken.

Substantially the appellant's contention is that the statute prior to the 1929 amendment was ambiguous; that the construction placed upon it by state authorities was not only admissible, but the only interpretation by which the intent to levy a privilege tax upon users of motor vehicles on state highways could be carried out, and that the 1929 amendment was legislative confirmation and adoption of such interpretation. Neither the master nor the court found ambiguity in the provisions of the statute here involved, and we agree that there is none.

It will be noted that section 8 of the act provides that every wholesale distributor shall file the statement therein required showing all gasoline received as shown by the shipper's invoices from any source whatsoever during the preceding calendar month, and that it shall be the duty of the wholesale distributor at the time of filing the report to compute the amount of tax payable and to pay it to the Secretary of State. As suggested by the master, the only amount of gasoline required to be reported by the distributor was the amount of gasoline "received." No other quantity of gasoline is required to be reported, and no tax is required to be paid on any other quantity. The only possibility of controversy inheres in the term "invoices," but it must be clear that that term includes whatever documentary records are employed to show the amount of gasoline received, however such records may be designated. Otherwise the tax might be wholly avoided by the mere labeling of an instrument as something other than an invoice, and so far the appellant certainly will not press its contention. If it had been the intent of the Legislature, as pointed out by the master, that the tax should be laid on the amount of gasoline shipped rather than

upon the amount received and stored, it would have been a very simple matter for the Legislature to have expressed such intent, as in fact in 1929 it did, when the statute was amended. There being no ambiguity, there is no room for construction. Detroit v. Township of Redford, 253 Mich. 453, 235 N.W. 217. The principle is well understood and it is unnecessary to multiply citations. "Courts cannot supply omissions in legislation, nor afford relief because they are supposed to exist." United States v. Union Pac. R. R. Co., 91 U.S. 72, 85, 23 L.Ed. 224.

Administrative interpretation, especially when long adhered to and resulting in the creation of rights and interests not lightly to be overturned, are often of great value in doubtful cases, but they "cannot alter provisions that are clear and explicit when related to the facts disclosed. A failure to enforce the law does not change it." Louisville & N. R. Co. v. United States, 282 U.S. 740, 759, 51 S.Ct. 297, 304, 75 L.Ed. 672. As was said recently in the Second Circuit, "that * * * the commissioner in some way disabled himself from later correcting his error, * * * is so plainly unsound as to need no discussion [citing cases]." Seeley v. Helvering (C.C.A.) 77 F.(2d) 323, 324. The statement of the Michigan Supreme Court in Wayne County v. Auditor General, 250 Mich. 227, 230, 229 N.W. 911, 913, that the terms of the statute here involved are "couched in bunglesome language" was not made with respect to the provisions here involved.

No support is to be found for the appellant's contention in Monamotor Oil Co. v. Johnson, 292 U.S. 86, 54 S.Ct. 575, 78 L.Ed. 1141. The agreement there made between the oil company and the state authorities in respect to the method of computing the tax under the Iowa statute was not in issue, and the court's recital, in passing, that it was made for the convenience of the parties, is not to be construed as a decision upon that which was not in controversy. Moreover, there is in the present case no evidence that any of the appellant's gasoline stored in Michigan was or was intended to be shipped out of the state in interstate commerce. The rule that a taxing statute is to be construed liberally in favor of the taxpayer is not applicable to a statute that requires no construction, and in any event the appellant under this law is a collector of taxes rather than a taxpayer. Monamotor Oil Co. v. Johnson, supra. Likewise inapplicable is the principle that substantial re-enactment in later acts of a provision theretofore construed by administrative authority constitutes persuasive evidence of legislative approval of such construction, applied in Brewster v. Gage, 280 U. S. 327, 337, 50 S.Ct. 115, 117, 74 L.Ed. 457. Here the re-enactment was not merely in the terms of the original statute, but with an added proviso, which incorporated into the law the challenged construction, and as was said in the very case relied upon (280 U.S. 327, at page 337, 50 S.Ct. 115, 118, 74 L.Ed. 457), "The deliberate selection of language so differing from that used in the earlier acts indicates that a change of law was intended." The equitable considerations urged as aids to solution, including the misleading of the appellant to its injury, are sufficiently safeguarded by the decree, which eliminated interest and penalties from the asserted tax liability, and placed the burden of the audit upon the state.

The decree is affirmed.