## MONTGOMERY WARD & CO. v. STATE TAX COMMISSION.

No. 6143. Decided April 18, 1941. (112 P. 2d 152.)

*George A. Critchlow,* of Salt Lake City, and *H. W. Bancroft* and *Stuart S. Ball,* both of Chicago, Ill., for plaintiff.

*Grant A. Brown* and *Alvin I Smith,* both of Salt Lake City, for defendant.

McDONOUGH, Justice.

Certiorari to the State Tax Commission to review a decision entered by said Commission determining that the Montgomery Ward & Company, an Illinois corporation licensed to do business in Utah, is liable for the collection of a use tax upon its mail order sales to residents in Utah by virtue of the provisions of Chapter 114, Laws of Utah 1937, commonly known as the Use Tax Act.

The narrow issue presented in this case as posed by plaintiff company in its brief, is whether a retailer who does business within this state can constitutionally be required to collect a use tax in connection with its mail order business conducted wholly from outside the state with customers within the state. There is no dispute as to the method used by the Commission in assessing the tax or the amount thereof assessed.

The facts in the case are undisputed, and, in so far as they are pertinent to the issue here presented, are as follows: Plaintiff company operates retail stores and mail order houses throughout this country. In Utah there is located one retail store but no mail order house, the nearest one being located at Denver, Colorado. It is upon the sales made by the mail order house located outside the state, upon orders received directly from customers in Utah, that the company contends it cannot be required to collect a "use" tax or be personally liable for the same. It is admitted that catalogues are distributed through the United States mail to people throughout this state, which catalogues are for the purpose of inducing orders from the public in Utah. But there is no other method employed to

induce such sales, no agents, no business representatives, or other individuals, in the employ of the plaintiff company, located in Utah in regard to the described mail order business. Orders placed at the retail store for goods not carried in stock are filled at, and shipped direct to the customer by, the out-of-the-state mail order branch of the company. As to such sales the company paid the use tax, the constitutionality of the statute as applied to such transactions not being questioned.

The company, however, contends that since it has no further responsibility in regard to mail orders received direct from a Utah customer than to fill such orders and deliver the goods to a carrier for shipment to the customer in this state, it cannot be required to collect the tax from such customer—the sale taking place entirely outside the state.

The facts above set out, and the issue here raised, are the same as those involved in the case of *Nelson* v. *Sears, Roebuck & Company,* 61 S. Ct. 586, 85 L. Ed. —, decided by the Supreme Court of United States on February 17, 1941; and, except for one fact relative to solicitations, are practically identical with those which concerned that court in *Nelson* v. *Montgomery Ward & Company,* 61 St. Ct. 593, 85 L. Ed. —, reported the same day.

In both of those cases the constitutionality of the Iowa Use Tax Act was in issue, the controverted provisions of which act are practically the same as those involved in this case. Inasmuch as the main question presented in the case before us is the same as that presented in the two cases above cited, to-wit: whether the Use Tax Act offends against the Constitution of the United States as to the described mail order sales made by a company outside the territorial limits of the state to residents within the state, we are bound by the decisions there handed down to the effect that such an act is constitutional. A ruling by the Supreme Court of the United States on a

question under the Constitution of the United States controls this court in a case involving the same state of facts.

In discussing the constitutionality of the Iowa Use Tax Act, the Supreme Court stated [61 S. Ct. 588, 85 L. Ed. —] :

"The fact that under Iowa law the sale is made outside the state does not mean that the power of Iowa 'has nothing on which to operate.' *Wisconsin* v. *J. C. Penney Co.*, supra [61 S. Ct. 246, 85 L. Ed.—, 130 A. L. R. 1229]. The purchaser is in Iowa and the tax is upon use in Iowa."

The court then goes on to dispose of the company's contentions of (1) extraterritorality, (2) discrimination against interstate commerce, and (3) excessive cost to the company to collect the tax in favor of the constitutionality of the act requiring in each case the company in question to collect a use tax on sales made to residents of Iowa from mail order houses located outside the state. With respect to the interstate commerce feature the Supreme Court held:

"Sales made wholly within Iowa carry the same burden as these mail order sales. A tax or other burden obviously does not discriminate against interstate commerce where 'equality is the theme.' *Henneford* v. *Silas Mason Co.*, supra 300 U. S. [577], pages 583-586, 57 S. Ct. [524] at pages 527, 528, 81 L. Ed. 814; *McGoldrick* v. *Berwind-White Coal Mining Co.*, supra, 309 U. S. [33] at pages 48, 49, 60 S. Ct. [388] at page 393, 84 L. Ed. 565, 128 A. L. R. 876."

The court in both cases relies upon its prior decisions in *Monamotor Oil Company* v. *Johnson*, 292 U. S. 86, 54 S. Ct. 575, 78 L. Ed. 1141; *Felt & Tarrant Mfg. Company.* v. *Gallagher*, 306 U. S. 62, 59 S. Ct. 376, 83 L. Ed. 488; and *Wisconsin* v. *J. C. Penney Company*, 61 S. Ct. 246, 85 L. Ed. —, 130 A. L. R. 1229, to which the reader is referred.

It follows from what has been said above that the decision of the Tax Commission should be affirmed. It is so ordered. Costs to defendant.

MOFFAT, C. J., and WOLFE, LARSON, and PRATT, JJ., concur.