**MOBIL PETROLEUM COMPANY, INC.,**
Petitioner-Appellee-Appellant,

v.

**Joaquin G. BLAZ, Commissioner of Revenue and Taxation, Government of Guam, Respondent-Appellant.**

Civ. Appeal No. 88–A.

District Court of Guam,
Appellate Division.

April 18, 1975.

Barrett, Ferenz, Bramhall & Williams by Walter S. Ferenz, Agana, Guam, for petitioner-appellee-appellant.

Keith L. Andrews, Atty. Gen., by Charles D. Rogers, Agana, Guam, for respondent-appellant.

Before ARVIN H. BROWN, Jr., WILLIAM P. GRAY and PAUL J. ABBATE, Designated Judges.

OPINION

ARVIN H. BROWN, Jr., Designated Judge.

Both parties hereto appeal from a judgment of the Island Court of Guam.

Affirmed in part, and reversed in part.

Mobil Petroleum Company, Inc., Petitioner-Appellee-Appellant, hereinafter called Mobil, sought review of an assessment of gross receipts taxes of $32,749.20 and for a refund of the payment of gross receipts taxes of $82,969.42 with interest. The assessment was made by and payment of tax-

es was made to Joaquin G. Blaz, Commissioner of Revenue and Taxation, Government of Guam, Respondent-Appellant, hereinafter called Commissioner. On January 5, 1971 the Commissioner assessed gross receipts taxes of $32,749.20 for the period of October 23, 1969 through September 25, 1970 and the trial court properly abated that assessment and permanently enjoined the Commissioner and his agents and employees from collecting the same.

From February 1, 1967 through October 22, 1969 Mobil paid gross receipts taxes in the amount of $82,969.42 and thereafter petitioned for an order directing that the same be refunded with interest. The Island Court of Guam denied that portion of Mobil's petition. Mobil imports and distributes liquid fuel within the Territory of Guam, distributions being made to non-governmental retail dealers and to United States military activities located on Guam. As to the former, Mobil pays liquid fuel taxes on the amount distributed and does not pay gross receipts taxes on such transfers. The question of taxes on distributions of fuel to non-governmental dealers is not before us for consideration here.

In this case we are concerned only with the distribution of liquid fuel to United States military activities located on Guam. These distributions are reported by Mobil to the Commissioner in accordance with Government Code of Guam Section 19575.-01, but no liquid fuel tax is paid. The military uses such liquid fuel both for purposes that are exclusively federal, and also for purposes not exclusively federal, the latter resulting from retail sale at military exchanges and like facilities. Liquid fuel tax is paid by the United States for fuel not used exclusively for a federal purpose but in accordance with the provisions of Section 4 USCA 104. Mobil does pay gross receipts taxes on its sales to the military for that portion which is used exclusively for a military purpose. This case does not involve any payment of that latter tax.

The issue in the case before us is whether or not Mobil is obligated to pay gross receipts taxes on fuel sold to the United States not used exclusively for a federal purpose (and upon which the federal government pays the liquid fuel tax).

We agree with the lower court that it is our obligation to give, if possible, a harmonious accord to all of the applicable statutes and we further agree that in the consideration of a tax question, statutes generally are construed strictly in favor of the taxpayer and against the government, and such is the case here. Further, applicable statutes must be construed so as not to give an absurd result. *Inhabitants of Whiting v. Inhabitants of Lubec*, 121 Me. 121, 115 A. 896.

In construing the statutes before us it is obvious that Mobil is not required to pay a gross receipts tax on the liquid fuel allocated to the uses not exclusively federal on which the liquid fuel tax has been paid. Clearly, during the period covered by the assessment, October 23, 1969 through September 25, 1970, the United States paid the liquid fuel tax, but Mobil did not pay the gross receipts tax attributable to such sales. Since the liquid fuel tax had been paid, there was compliance with Government Code of Guam, Section 19543.1008, and the assessment therefore was erroneous.

The trial court held that Mobil was not entitled to a refund since it could not be inferred that the liquid fuel tax had been paid at the time of the payment of the gross receipts tax. We do not agree.

The position taken by the Commissioner appears to be that since Mobil does not in point of time pay the liquid fuel tax on fuel transferred to the military exchanges, it should be subject to the levy of the gross receipts tax before the liquid fuel is actually paid. Such position is untenable. Were we to adopt it, we would be forced to conclude that the legislative intent behind the statutes was to subject Mobil, and others similarly situated, to what would amount to double taxation. An earlier opinion of the Attorney General dated September 24, 1968 favors the position taken by Mobil and appears to us to be sound. It states:

"It is my understanding that the Department of Revenue and Taxation collects liquid fuel tax on such sales. (Sales made by the military exchanges). Since this is so, § 19543.1008 comes into operation. As pointed out above, this section provides that the gross receipts tax shall not apply to amounts from the sale of liquid fuel when the liquid fuel tax has been paid thereon."

The Commissioner assessed Mobil and refused Mobil's claims for refund on the ground that the gross receipts tax accrued before the liquid fuel tax was paid. In so doing, the Commissioner was incorrect; for even if the federal government paid the liquid fuel tax at some time shortly after the gross receipts tax would have been due does not control here for the liquid fuel tax is imposed upon Mobil for importation and storage prior to the making of any transfer, and the fact that the local taxing attorneys permit a transfer to be made to the military exchanges without actual payment of the liquid fuel tax is not sufficient to establish that that latter tax had not previously been levied.

As we have said, it is obvious that the liquid fuel tax is not to be collected twice, and we thus must conclude that its payment is merely deferred until after the military exchanges sold the fuel to their customers. Certainly the actual levy of that tax had attached long before the retail sale of the fuel to the retail customers, and we therefore find that the Commissioner's argument as to time is not persuasive.

The entire argument of the Commissioner appears to be based on a question of timing, but we find nothing in the applicable statutes which would require that in order to obtain an exemption for gross receipts tax received from the sale of fuel there is any requirement that the fuel tax must first be paid.

It is, of course, elementary law that it is the duty of the court to ascertain if possible the intent of the legislature in any tax exemption statute by considering all of the pertinent statutes and interpreting therefrom the intent of the legislative body. *In re Public Nat. Bank of New York*, 278 U.S. 555, 49 S.Ct. 7, 73 L.Ed. 503; and it is equally elementary that statutory language must be read so as to be consistent with the legislative intent and not to interpret the words of the statute so as to lead to an absurd result. *Abercrombie v. United Light and Power Co.*, 7 F.Supp. 530; *Monamotor Oil Co. v. Johnson*, 3 F.Supp. 189, aff'd. 292 U.S. 86, 54 S.Ct. 575, 78 L.Ed. 1141; and this we have done.

The same rationale applied by the lower court to the question of the assessment must apply to the question of whether or not Mobil is entitled to a refund.

Accordingly, the judgment of the trial court that the assessment of $32,749.20 plus interest be abated is affirmed, and the judgment of the trial court pertaining to Mobil's petition for a refund of gross receipts taxes paid is reversed and the case remanded to the trial court with instructions to enter judgment in accordance with this opinion.