**SUPER FLEA MARKET OF CHATTANOOGA, INC., et al., Plaintiffs-Appellants,**

v.

**Martha B. OLSEN, Commissioner of Revenue, State of Tennessee, et al., Defendants-Appellees.**

Supreme Court of Tennessee, at Knoxville.

Oct. 1, 1984.

William G. Schwall, Chattanooga, for plaintiffs-appellants.

William P. Sizer, Asst. Atty. Gen., Nashville, for defendants-appellees; W.J. Michael Cody, Atty. Gen. and Reporter, Memphis, of counsel.

## OPINION

DROWOTA, Justice.

The single issue presented on appeal is the constitutionality of the business tax on exhibitors at "antique malls, flea markets, craft shows, antique shows, gun shows and auto shows." T.C.A. § 67–4–709(a)(5). The statute is challenged by an operator and certain exhibitors at a flea market located in Chattanooga. The Defendants are the Commissioner of Revenue of the State of Tennessee, the Hamilton County Court Clerk and the Chattanooga City Treasurer. Since the case involves state revenues and since the constitutionality of the statute is the sole determinative question, appeal lies directly to this Court from the Circuit Court. T.C.A. § 16–4–108.

T.C.A. § 67–4–709(a)(5) provides in pertinent part:

> In the case of antique malls, flea markets, craft shows, antique shows, gun shows and auto shows, operated as public facilities for such particular purpose from which business is carried on by two (2) or more retailers of tangible personal property . . ., the owner, manager, operator or promoter of the facility shall be required to obtain a business license and shall collect and submit to local tax officials a one dollar ($1.00) fee per day per booth from each exhibitor at the promotion location. This provision shall not apply to . . . promotions conducted by nonprofit associations, corporations or organizations, not to casual and isolated activities by persons who do not hold themselves out as engaged in business. Such fee shall be in lieu of any business tax otherwise provided for by law.

Plaintiff Super Flea Market collected the tax from the various exhibitors and paid it, under protest, to the local tax collecting authorities. Plaintiffs then instituted this lawsuit, alleging several constitutional defects in T.C.A. § 67–4–709(a)(5). The complaint alleged that the statute is an unlawful delegation of taxing authority to a private individual, that it is a discriminatory classification, that it constitutes double taxation, that it constitutes involuntary servitude, that the statute is unconstitutionally vague, and that it violates the First Amendment and the privilege against self-incrimination under the Fifth and Fourteenth Amendments. The Commissioner filed a motion to dismiss for failure to state a claim upon which relief can be granted, contending that the statute is constitutional. The trial judge granted the motion to dismiss and found that the statute was

constitutional and that "[a]ll of the constitutional challenges contained in the complaint are without merit."

■ The Plaintiffs contend that the statute, T.C.A. § 67–4–709(a)(5), unlawfully delegates tax collecting authority to a private individual, the flea market operator. Plaintiff's principal objection seems to be that the flea market operator has the difficult decision of deciding whether individual exhibitors are tax-exempt non-profit entities. We find that the statute is not an unlawful delegation of taxing authority. No *authority* is delegated to the flea market operator. The operator only collects the tax that has been levied by the legislature. In reality, it is no different from the sales tax, T.C.A. §§ 67–6–501 et seq., the motor vehicle fuel use tax, T.C.A. § 67–3–803, or the tax on the privilege of occupancy in hotels and motels that was upheld by this Court in *Pete v. Cumberland County*, 621 S.W.2d 731 (Tenn.1981). In *Pete* we cited a number of federal and state cases in support of the proposition that hotel and motel operators could be required to collect the tax from their customers, to remit it to the county trustee, and to keep appropriate records. *See, e.g., Monamotor Oil Co. v. Johnson*, 292 U.S. 86, 54 S.Ct. 575, 78 L.Ed. 1141 (1934), and *Pierce Oil Corp. v. Hopkins*, 264 U.S. 137, 44 S.Ct. 251, 68 L.Ed. 593 (1924). Numerous other state and federal taxing schemes that require non-governmental officials to collect taxes have also been upheld. *See Pete v. Cumberland County, supra.*

■ It should be pointed out that the Plaintiff operator is *not* being prosecuted by the State for any delinquency. Plaintiff complains that he could be prosecuted for not collecting the tax from someone who the operator thought was exempt but who in fact was not exempt. This case was not brought as a declaratory judgment action and even if it was, the Declaratory Judgments Act, T.C.A. § 29–14–101 et seq., does not give courts jurisdiction to render advisory opinions to assist parties or to allay fears as to what may occur in the future. *Parks v. Alexander*, 608 S.W.2d 881 (Tenn.

App.1980). We hold that T.C.A. § 67–4–709(a)(5) is not an unconstitutional delegation of taxing authority to a private individual.

■ The Plaintiffs next contend that the tax is a discriminatory classification and that it establishes a non-uniform rate of taxation. We disagree and find these allegations to lack merit. The statute creates a separate classification under the business tax. It exempts flea markets and other similar businesses from the regular business tax and substitutes the one dollar per day per booth assessment. This legislative classification was chosen because certain businesses are by their very nature temporary and transient and therefore it is difficult to enforce the regular business tax against them. We find that the tax is a reasonable legislative response to administrative problems in the enforcement of business taxes. In *Genesco, Inc. v. Woods*, 578 S.W.2d 639 (Tenn.1979), we noted that courts will not invalidate a tax statute so long as the classification and selection are reasonable. We have also held that the power to tax privileges is not subject to any constitutional limitation except that the tax must not be "arbitrary, capricious or wholly unreasonable." *Hooten v. Carson*, 186 Tenn. 282, 286, 209 S.W.2d 273, 274 (1948). As regards the uniformity issue, *Shields v. Williams*, 159 Tenn. 349, 19 S.W.2d 261 (1929), is controlling. *Shields* holds that the equality and uniformity requirement of Article II, § 28 of the Tennessee Constitution does not apply to privilege taxes.

■ Plaintiffs also contend that the statute is unconstitutional because it provides for "double taxation." We refuse to hold that double taxation exists in this case. The operator is merely paying two types of business taxes that are part of the same statutory scheme. Every businessman pays a tax for each business location, T.C.A. § 67–4–709(a), and a tax on a percentage of sales, T.C.A. § 67–4–709(b). In lieu of the tax on percentage of sales, the flea market operator pays the tax provided for in § 67–4–709(a)(5). Furthermore, dou-

ble taxation is permitted where the legislature clearly intended it. This statute clearly states that the operator must obtain a business license, for which he pays a fee, *and* collect the one dollar fee per day per booth. Therefore, even if it may be said that double taxation exists, the statute is not unconstitutional for that reason.

Plaintiffs also contend that the statute constitutes involuntary servitude in violation of the Thirteenth Amendment to the United States Constitution because it requires that the operator of the flea market collect the tax from the exhibitors. The Plaintiffs rely on their arguments regarding the burden on the operator that we rejected previously in our discussion of the unlawful delegation issue. Plaintiff says he would need to hire five or six employees to administer the tax. The record does not support this allegation and we reject it. The Plaintiffs concede that no court has adopted the position advanced here. *See, e.g., Beltran v. Cohen,* 303 F.Supp. 889 (N.D.Cal.1969), and *Detwiler v. United States,* 406 F.Supp. 695 (E.D.Pa.1975). Plaintiffs' argument is without merit.

Plaintiffs next contend that T.C.A. § 67-4-709(a)(5) is unconstitutionally vague. They contend that the statute is so vague that flea market operators cannot determine who is subject to the tax. A non-criminal statute is not unconstitutionally vague where the statute is set out in terms that an ordinary person exercising common sense can understand and comply with its requirements. *Big Fork Mining Co. v. Tennessee Water Quality Control Board,* 620 S.W.2d 515, 519 (Tenn.App. 1981), citing *United States Civil Service Commission v. National Association of Letter Carriers,* 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973). We find that T.C.A. § 67-4-709(a)(5) meets this constitutional standard. The statute makes it clear that the flea market operator collects the tax from the exhibitors and submits it to the local tax officials. Terms used in the statute are clarified in Department of Revenue Rules 1320-4-5-.05(3) and 1320-4-5-.61, which went into effect as amended

on January 16, 1984. The first rule defines the casual and isolated sales exemption and notes that the burden of proof of exemption is on the exhibitor. The second rule clarifies the extent of the non-profit exemption and also defines "booth." Furthermore, the Plaintiffs have not violated the statute. It seems difficult to understand how someone who has complied with a statute can complain that he has been unable to determine the meaning of its terms.

Plaintiffs further allege that the statute is an establishment of religion in violation of the First Amendment to the United States Constitution. They argue that the tax exemption for non-profit organizations gives flea markets operated by religious organizations an economic advantage. We disagree and find that the statute is not an unconstitutional establishment of religion. First, religious organizations are not singled out; the exemption applies to all non-profit organizations, not just religious organizations. Second, even if it singled out religious organizations, it would not necessarily be unconstitutional. Article II, § 28 of the Tennessee Constitution authorizes a property tax exemption for property held and used for purposes purely religious, charitable, scientific, literary or educational. *See* T.C.A. § 67-5-212. A similar exception from the sales tax is granted by T.C.A. § 67-6-322(1).

The final challenge to the tax is that it compels the Plaintiff-operator to incriminate himself in violation of the Fifth Amendment to the United States Constitution. The argument is that the operator is subject to criminal penalties if his return, based on information from third parties, should turn out to be false. The Fifth Amendment provides, in pertinent part, that "[n]o person ... shall be compelled in any criminal case to be a witness against himself...." None of the Plaintiffs in this case have been prosecuted for violation of the statute. We believe that all that is required is that the operator certify that the return is accurate to the best of his knowledge and belief and that the return is made in good faith. If an exhibitor repre-

**453**

sents himself to be exempt, the operator is entitled to rely on that representation in preparing the return. If the exhibitor is in fact not exempt, we find it highly unlikely that the State would prosecute the operator. The State has not prosecuted any of these Plaintiffs and therefore has not sought to elicit testimony in violation of the Fifth Amendment. Until the State prosecutes, we cannot entertain any allegation of a violation of the privilege against self-incrimination. This issue is without merit.

We have considered all of the constitutional challenges raised to T.C.A. § 67–4–709(a)(5) by the Plaintiffs. We hold that the statute is constitutional and accordingly affirm the judgment of the trial court. Costs of this appeal are assessed against Plaintiffs.

COOPER, C.J., and FONES, BROCK, and HARBISON, JJ., concur.