## PEAK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10362.

Circuit Court of Appeals, Eighth Circuit.
Jan. 6, 1936.

Rehearing Denied Feb. 8, 1936.

Howard J. Clark, of Des Moines, Iowa, and Richard S. Doyle, of Washington, D. C. (Clark, Byers, Hutchinson & Garber, of Des Moines, Iowa, and Doyle & Ross, of Washington, D. C., on the brief), for petitioner.

Harry Marselli, Sp. Asst. to the Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Norman D. Keller, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

This is a proceeding to review a decision of the Board of Tax Appeals determining deficiencies in the income taxes of petitioner for the years 1928, 1929, and 1930.

Prior to 1919, George B. Peak, father of petitioner, owned 1,040 of the 2,000 outstanding shares of stock of the Central Life Assurance Society, which was a stock insurance company organized and existing under the laws of the state of Iowa, writing both participating and nonparticipating policies of insurance. In that year a new corporation of the same name was organized under the laws of Iowa, to take over the assets, assume the liabilities, and continue the business, of the stock company. The new corporation was a mutual insurance company, authorized to write participating insurance exclusively. The transaction was consummated under a contract of May 15, 1919, between the two companies. It provided, among other things, that the new company should segregate and manage the nonparticipating business of the old company, then amounting to about $49,000,000, annually determine the earnings on it, and, for a period of 22 years, distribute those earnings to the former stockholders of the old company pro rata. A fund of $100,000 was to be held as a reserve until the end of that period, when it was estimated all the nonparticipating policies would be liquidated, either by surrenders, deaths, or otherwise. Beginning with the year 1921, distributions to the former stockholders of the old company have been made in accordance with this contract.

George B. Peak died testate on August 24, 1923. His widow, Alice H. Peak, mother of petitioner, renounced the will and elected to take her statutory one-third share in the estate. She, the petitioner, and his sister, Vesta Peak Maxwell, inherited the estate, each receiving one-third thereof. In

1926 Mrs. Peak made a gift to petitioner and to his sister, Mrs. Maxwell, equally of the interest she had inherited in the contract between the insurance companies. Since that time, all distributions under the contract have been divided equally between petitioner and his sister, Mrs. Maxwell. For the purpose of the federal estate tax upon the estate of George B. Peak, deceased, the value of the interest of the decedent in this contract was fixed at $700,000, as of the date of his death. This value was accepted by the executors and beneficiaries of the estate and by the Bureau of Internal Revenue in a final settlement of estate tax liability.

Certain distributions had been made under this contract to George B. Peak in his lifetime, and, following his death, petitioner, his mother, and sister, received the distributions. The distributions received by them in 1928 brought the total receipts of the Peak heirs under the contract to over $700,000. The Commissioner included in the taxable income of petitioner and his sister respectively, for 1928, one-half of the amount of the distribution under the contract in excess of $700,000, and for the years 1929 and 1930 likewise included in the taxable income of each one-half of each annual distribution under the contract, so that there was included as income all amounts distributed to petitioner and his sister under said contract in excess of $700,000. The Commissioner accordingly determined deficiencies in the tax against petitioner and his sister for the years 1928, 1929, and 1930.

From these determinations, the petitioner and his sister appealed to the Board of Tax Appeals, which sustained the action of the Commissioner and upheld the deficiencies. This action of the Board of Tax Appeals is here challenged. It has been stipulated that the case of Mrs. Maxwell should abide the decision rendered in this case.

Petitioner's contentions may be summarized as follows: (1) The decedent had an interest in the assets of the corporation, in which interest petitioner inherited a share; (2) he cannot be taxed upon receipt of that share as for new income received; (3) the courts must determine what is income.

In the case of Central Life Assurance Society v. Commissioner of Internal Revenue, 51 F.(2d) 939, we held that the earnings of the nonparticipating business were not taxable income of the mutual insurance company, as it was a mere collector or conduit through which the income passed, and that the purpose of the income tax law was to tax the income to the person who had the right or beneficial interest therein.

The pertinent provision of the contract between the two insurance companies is as follows: "That prior to February 15, 1920 and prior to such date in each year thereafter for a period of twenty-two years, the said Mutual Company shall make up a gain and loss exhibit, as of date January 1st of such year, in such department, and shall on February 15, 1921, and on February 15th of each year thereafter during such period, distribute all surplus, if any, in excess of $100,000, as shown by such exhibit, to the persons hereafter named, their heirs, personal representatives or assigns, the whole amount to be distributed being represented by 2000 and the distribution to each person, his heirs, personal representatives or assigns so named being in proportion that the amount set opposite his name herein bears to 2000: [Here follow the names of the stockholders and the stock each owns, George B. Peak being shown to own 1,040 shares.]"

It is conceded by petitioner that current earnings on the assets as paid to him should be taxed as taxable income, but he contends that the balance is but a distribution of the interest which he has inherited and upon which no income tax should be laid.

■ Section 22 (b) (3) of the Revenue Act of 1928 (26 U.S.C.A. § 22 and note) provides that the value of property acquired by gift, bequest, devise, or inheritance shall not be included in gross income. Of course, it is only petitioner's income that may be taxed, and, if a tax is laid on property which is not income, it cannot be sustained, for that would be to levy a direct tax requiring apportionment. Helvering v. Independent Life Ins. Co., 292 U.S. 371, 54 S.Ct. 758, 78 L.Ed. 1311.

■ The question to be determined is whether all the petitioner's receipts from the mutual company were distributions of corpus. The Board of Tax Appeals had before it the evidence that the corpus had been valued at $700,000. This valuation had been accepted by the executors and beneficiaries of the estate and by the Bureau of Internal Revenue, and no evidence was submitted to discredit it. We are of the view that this was competent and credible evidence of the value of the

corpus received by inheritance. Burnet v. Logan, 283 U.S. 404, 51 S.Ct. 550, 553, 75 L.Ed. 1143.

In the last-cited case, it appeared that a decedent owned stock in one of several steel companies which were owners of the stock of a company engaged in mining ore under a long-term lease. By agreement among themselves, the steel companies were entitled to share the ore extracted according to their stock holdings in the mining company. In 1916 decedent and her co-shareholders sold their shares to another steel company, whereby it became entitled to participate in the ores thereafter taken from the leased mine. The consideration for the sale was partly cash and in part the agreement of the purchaser to pay annually thereafter for distribution among the selling stockholders a royalty of 60 cents for each ton of ore apportioned to it. The decedent died in 1917, and bequeathed her interest in the payments to be made by the purchaser of her stock to Mrs. Logan. The value of decedent's interest was assessed for the payment of the federal estate tax. In the course of the opinion it is said: "From her mother's estate, Mrs. Logan obtained the right to share in possible proceeds of a contract thereafter to pay indefinite sums. The value of this was assumed to be $277,164.50, and its transfer was so taxed. Some valuation—speculative or otherwise—was necessary in order to close the estate. It may never yield as much, it may yield more. If a sum equal to the value thus ascertained had been invested in an annuity contract, payments thereunder would have been free from income tax until the owner had recouped his capital investment. We think a like rule should be applied here. The statute definitely excepts bequests from receipts which go to make up taxable income."

In Mulqueen v. Commissioner (C.C.A. 2) 65 F.(2d) 365, it was held that, where a taxpayer made no attempt to show that a portion of the corpus was not subject to taxation as income, it was not error to treat the whole as income.

In this proceeding petitioner has offered no evidence to show a value different than $700,000, nor has he offered evidence tending to show that all or any portion of the distributions taxed were in fact distributions of the inherited property, and hence the estate tax valuation stands as the only credible proof of that value. The record warrants but one conclusion, that payments to petitioner and his sister in excess of $700,000 were payments of income from the inherited property. The question of whether section 22 (b) (3) of the Revenue Act of 1928 (26 U.S.C.A. § 22 and note) is constitutional in all its aspects, in exempting value rather than property devised, bequeathed, or inherited, is not before the court, because petitioner, under this record, has been taxed only on income. He is therefore not threatened with any loss or injury from the statute, and hence cannot complain of its provisions. The question is an academic one, which this court has no authority to decide. Monamotor Oil Co. v. Johnson, 292 U.S. 86, 54 S. Ct. 575, 78 L.Ed. 1141; White v. Johnson, 282 U.S. 367, 51 S.Ct. 115, 75 L.Ed. 388.

The order of the Board of Tax Appeals is therefore affirmed.