## MANNE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13183.

Circuit Court of Appeals, Eighth Circuit.

May 7, 1946.

Rehearing Denied June 3, 1946.

Karol A. Korngold, of Saint Louis, Mo. (A. B. Frey and Frey & Korngold, all of Saint Louis, Mo., on the brief), for petitioner.

John F. Costelloe, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Robert N. Anderson, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The question is whether sums paid to the taxpayer under nine contracts with insurance companies were received as annuities under annuity or endowment contracts within the meaning of section 22(b) (2) of the Internal Revenue Code, 26 U.S. C.A. Int.Rev.Code, § 22(b) (2). The statute and regulations involved are printed in the margin.[1]

Each of the contracts in question was purchased by the taxpayer for a lump sum and was entitled "Annuity Contract." In each contract the insurance company agreed to make periodical payments of a stated sum to the taxpayer during his life, the amount of the periodical payment in each contract being determined by reference to the taxpayer's age and life expectancy. Each contract contained a provision for the computation of its reserves upon a designated table of mortality and at rates of interest varying from three to four per cent,

---

[1] 26 U.S.C.A. Internal Revenue Code. "Sec. 22. Gross income.

\* \* \* \* \* \*

"(b) Exclusions from gross income. The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

\* \* \* \* \* \* \*

"(2) Annuities, etc. \* \* \* Amounts received as an annuity under an annuity or endowment contract shall be included in gross income; except that there shall be excluded from gross income the excess of the amount received in the taxable year over an amount equal to 3 per centum of the aggregate premiums or consideration paid for such annuity (whether or not paid during such year), until the aggregate amount excluded from gross income under this chapter or prior income tax laws in respect of such annuity equals the aggregate premiums or consideration paid for such annuity."

Treasury Regulations 103, promulgated under the Internal Revenue Code.

"Sec. 19.22(b) (2)–2. Annuities.—

Amounts received as an annuity under an annuity or endowment contract include amounts received in periodical installments, whether annually, semiannually, quarterly, monthly, or otherwise, and whether for a fixed period, such as a term of years, or for an indefinite period, such as for life, or for life and a guaranteed fixed period, and which installments are payable or may be payable over a period longer than one year. Such portion of each installment payment of an annuity shall be included in gross income as is not in excess of 3 per cent of the aggregate premiums or consideration paid for such annuity, whether or not paid during the taxable year, divided by 12 and multiplied by the number of months in respect of which the installment is paid. As soon as the aggregate of the amounts received and excluded from gross income equals the aggregate premiums or consideration paid for such annuity, the entire amount received thereafter in each taxable year must be included in gross income."

and each contract also provided that, if the total payments to the taxpayer in his lifetime should be less than the single premium paid for its purchase, the payments should be continued to his beneficiaries after his death until the total amount of all payments equaled the sum paid for the contract.

In the year 1940 the taxpayer received from the insurance companies payments aggregating $1,752.35, the amount coming to the taxpayer by the terms of the contracts for that portion of the year for which payments were due. In 1941 the taxpayer received $2,964.24, which is the amount which the taxpayer was entitled to receive annually under the contracts. The contracts were purchased in the year 1940 for an aggregate consideration of $60,000 paid by the taxpayer in cash. No physical examination was required of the taxpayer, who was born December 20, 1890, and whose life expectancy at the time of the contracts of purchase was twenty-one and one-half years.

The Tax Court sustained the Commissioner's determination that the taxpayer was required by section 22(b) (2) of the Internal Revenue Code to include in his gross income for the year 1940 $1,045 with respect to the payments of $1,752.35 received in that year, and to include in his gross income for the year 1941 $1,800 with respect to the annuity payments of $2,964.24 received in 1941. It is admitted that the sums mentioned above, if required to be included in the taxpayer's gross income for the years mentioned under section 22(b) (2), are correctly computed.

■ The contracts here involved are annuity contracts within the meaning of section 22(b) (2) of the Internal Revenue Code, and the amounts received under them by the taxpayer fall within the definition of the applicable Treasury Regulation, promul-gated under this section of the Code, as amounts received in periodical installments payable for an indefinite period longer than one year. The payments are also within the definition of an annuity given by the courts. In Bodine v. Commissioner, 3 Cir., 103 F.2d 982, 984, an annuity is defined as "a sum paid yearly or at other specified intervals in return for the payment of a fixed sum by the annuitant." The payments received by the taxpayer in the present case were taxable to the extent provided by section 22(b) (2) of the Code. 1 Merten's Law of Federal Income Taxation, § 6.30. And see Gillespie v. Commissioner, 9 Cir., 128 F.2d 140; and Raymond v. Commissioner, 7 Cir., 114 F.2d 140.

The taxpayer's contention that section 22(b) (2) as applied in this case is unconstitutional is based upon an assumption for which the evidence offers no support. The taxpayer assumes that the payments received by him during the taxable years 1940 and 1941 were merely the return to him of portions of the capital invested in the purchase of the annuity contracts. On that assumption he contends that, until the full purchase price of the annuities has been returned to him, the tax imposed by section 22(b) (2) is a tax upon capital and not upon income, gain derived from capital, and therefore beyond the power of Congress. Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570.

The taxpayer's argument ignores the fact that the considerations paid for the contracts were sums which, plus interest and less expenses of the issuing companies, would equal the total of the payments to be made under the contracts. Rishel v. Pacific Mut. Life Ins. Co. of California, 10 Cir., 78 F.2d 881, 887, 131 A.L.R. 414. "It is well known that an annuity is calculated to yield a recipient who lives out his expectancy a total amount equal to the consideration paid, plus interest thereon. Hence, each annual payment, from the actuarial point of view, is made up partly of a return of capital and partly of income. The statutory method is an arbitrary but essentially equitable device for determining the amount of the income for taxation. Hence, it should be sustained." Magill, Taxable Income, p. 433.

We do not know from anything in the evidence what part of the return to the taxpayer in the form of periodical payments here involved represents earnings upon his investment, considerations paid by him for all the contracts. Conceivably, the total of that part of the return on which

tax is imposed for the years in question may have been paid from earnings on the investment.

From the standpoint of the taxpayer, the most favorable assumption that can be made is that some part of the annual return to the taxpayer is represented by earnings upon his investment in the hands of the insurance companies. Recognition of this characteristic of annuity contracts like those involved here led to the enactment of the section of the Revenue Code under consideration.

Congress, in providing that the return from such annuity contracts should be included in the annuitant's gross income to the extent of three per cent of the sum invested by the annuitant, may be said to have made an approximation of that portion of the annuitant's return which is received by him in the form of income from the capital invested. A taxpayer claiming that the section of the Revenue Code in question imposes in a given case a tax upon the return of capital under the guise of a tax on income is under the burden of establishing that no income was in fact received by him from his investment, or at least that the income actually received is less than three per cent upon his investment. In this case there is no evidence to show that the earnings on the taxpayer's investment were less than three per cent of its amount during the taxable years in question, or to support the inference that the payments received by him were wholly or even partly a return of capital. The taxpayer is, therefore, in no position to question the constitutionality of the section of the Revenue Code under the facts in this case. Gillespie v. Commissioner, supra, 128 F.2d at page 144; Raymond v. Commissioner, supra, 114 F.2d at page 143. The question of the constitutionality of section 22(b) (2) of the Internal Revenue Code is, on the facts in the present case, an academic question which the courts are not authorized to answer. Peak v. Commissioner, 8 Cir., 80 F.2d 761, 762; White v. Johnson, 282 U.S. 367, 373, 51 S.Ct. 115, 75 L.Ed. 388. A taxpayer alleging unconstitutionality of an act must show not only that the act is invalid, but that he has sustained some direct injury as the result of its enforcement.

Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, 488, 43 S.Ct. 597, 67 L.Ed. 1078.

The decision of the Tax Court is affirmed.