IN THE MATTER OF: ROCK-OLA CAFE, T. K. TRIPPS, INC. 41-48752; ROCK-OLA CAFE, T. K. TRIPPS, INC. 92-41165; T. K. TRIPPS OF ASHEVILLE, INC. 11-26547; T. K. TRIPPS OF CHARLOTTE, INC. 60-55718; T. K. TRIPPS OF DURHAM, INC. 32-22431; T. K. TRIPPS OF GREENSBORO, INC. 41-42543; T. K. TRIPPS OF RALEIGH, INC. 92-33500; T. K. TRIPPS OF RIDGEWOOD, INC. 92-34759

No. 9218SC311

(Filed 17 August 1993)

**Taxation § 31.1 (NCI3d) — free matches and food at restaurants — no use tax**

Items such as matches and food offered at no charge to patrons of restaurant bars and to restaurant managers are not subject to use taxes in North Carolina.

**Am Jur 2d, Sales and Use Taxes §§ 218, 219.**

IN RE ROCK-OLA CAFE

[111 N.C. App. 683 (1993)]

On writ of certiorari from judgment entered 30 October 1991 by Judge Peter M. McHugh in Guilford County Superior Court. Heard in the Court of Appeals 26 February 1993.

Taxpayers, a group of affiliated companies that operate restaurants, protested assessments by the Secretary of Revenue that items such as matches and food offered at no charge to patrons of restaurant bars, as well as restaurant managers, are subject to use taxes in North Carolina. The Tax Review Board confirmed the Secretary's decision that matches, food, and beverages offered at no charge to bar patrons and managers were subject to use taxes, but upon judicial review this decision was reversed in superior court, and refunds on the assessments were granted to taxpayers. Certiorari was granted by this Court upon petition by the Secretary and the Tax Review Board.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General George W. Boylan, for petitioner appellants.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by William G. McNairy, for respondent appellees.*

ARNOLD, Chief Judge.

Food, such as peanuts, pretzels, and other "munchies" are offered by the respondent restaurants to customers purchasing beverages at their bars. There is no direct charge for the food at the bar, but the cost of food is included and recovered in menu-item prices and sales taxes are collected on the sale of the menu-items. In addition, because the restaurants are busiest during meal hours it is difficult for their managers to take time to eat, so meals are offered without charge to the managers. Here again, the cost of this food and beverage is recovered in the sale of food and beverages to customers of the restaurants.

Matches are also provided free of charge to customers. But just as with the cost of bar food and food for the managers, the cost of the matches is included as a part of the menu-item prices, and recovered in sales to restaurant customers. Sales taxes are collected on all sales from the menu-items.

Petitioners argue that the matches and food provided for bar customers and managers are subject to a use tax because customers purchase only the specific meals actually ordered from the menus, and because restaurant customers acquire no possession of the

managers' meals, or of matches and bar food consumed by others. Such items, according to petitioners, are used by the taxpayers, not sold to customers.

N.C. Gen. Stat. § 105-164.4(a) (1992) imposes a sales tax on persons engaged in the business of selling tangible personal property at retail in this State at a general percentage rate of the sales price of each item sold. *See In re Assessment of Taxes Against Village Publishing Corp.*, 312 N.C. 211, 214, 322 S.E.2d 155, 158 (1984), *appeal dismissed*, 472 U.S. 1001, 86 L.E.2d 710 (1985). "The sales tax is, in effect, a tax imposed upon the retail merchant as a privilege tax for the right to engage in that business. The tax, is, however, designed to be passed on to the consumer." *Id.* at 214-15, 322 S.E.2d at 158 (citations omitted). N.C. Gen. Stat. § 105-164.6(a) (1992) imposes a complementary use tax "upon the storage, use, or consumption in this State of tangible personal property purchased within and without this State for storage, use, or consumption within this State" at the general percentage rate (the same rate that applies to a sale of the property) of the cost price of such property that is stored, used or consumed in this State. *See id.* at 214, 322 S.E.2d at 158.

The use tax "is designed to complement the sales tax and to reach transactions which cannot constitutionally be subject to a sales tax. The sales tax and the use tax may often bring about the same result but 'they are different in conception. They are assessments upon different transactions and are bottomed on distinguishable taxable events.' " *Id.* at 215, 322 S.E.2d at 159 (*quoting Atwater-Waynick Hosiery Mills, Inc. v. Clayton, Comm'r of Revenue*, 268 N.C. 673, 675, 151 S.E.2d 574, 576 (1966)). "A sales tax is assessed on the purchase price of property and is imposed at the time of sale. A use tax is assessed on the storage, use or consumption of property and takes effect only after such use begins." *Colonial Pipeline Co. v. Clayton, Comm'r of Revenue*, 275 N.C. 215, 223, 166 S.E.2d 671, 677 (1969).

N.C. Gen. Stat. § 105-164.3(15) (1992), in pertinent part, defines a "sale" to mean "any transfer of title or possession, or both, . . . in any manner or by any means whatsoever, however effected and by whatever name called, for a consideration paid or to be paid." This definition does not specify who must pay the consideration or when that consideration must be paid.

We note that "[t]ax statutes are to be strictly construed against the State and in favor of the taxpayer." *Watson, Inc. v. Shaw,* 235 N.C. 203, 211, 69 S.E.2d 505, 511 (1952).

We agree with the taxpayers' argument that the items here involved are not subject to a use tax because the items were purchased for resale. Sales taxes due on the items are fully paid by virtue of the corresponding increase in each menu-item price for which customers are charged.

In order for the taxpayers to be liable for payment of a use tax on the various items it must be shown that such items were purchased for purposes other than resale, and that no sales tax was paid when the purchases were made.

The record reveals that the taxpayers gave their suppliers a certificate of resale, a form which excuses the seller from collecting and the purchaser from paying a sales tax. N.C. Gen. Stat. § 105-164.28 (1992). Petitioners have shown that the respondent taxpayers did not pay a sales tax at the time of purchase, but there is no showing that the items were purchased for purposes other than resale. The taxpayers included the cost of all the various items in their menu-item prices and collected sales taxes on those prices. This is certainly equivalent to reselling the items.

The decision of the trial court is affirmed.

Affirmed.

Judges GREENE and McCRODDEN concur.