IN RE APPEAL OF INTERMEDIA COMMUNICATIONS, INC.

[144 N.C. App. 424 (2001)]

---

IN THE MATTER OF: THE APPEAL OF INTERMEDIA COMMUNICATIONS, INC.

No. COA00-862

(Filed 19 June 2001)

**Notice; Taxation— faxed letter—sufficient written request**

A taxpayer sufficiently complied with the requirement for submitting a written request for a hearing on a valuation by faxing a letter to the Property Tax Commission. N.C.G.S. § 105-342(b) does not prescribe any particular method for submission or delivery of the request and tax statutes are to be strictly construed against the State and in favor of the taxpayer.

Appeal by taxpayer from order entered 18 April 2000 by the North Carolina Property Tax Commission. Heard in the Court of Appeals 25 April 2001.

*Attorney General Michael F. Easley, by Special Deputy Attorney General George W. Boylan, for State Department of Revenue, appellee.*

*C.B. McLean, Jr., for Intermedia Communications, Inc., appellant.*

TYSON, Judge.

Taxpayer, Intermedia Communications, Inc. ("Intermedia"), a public service company, appeals an order of the North Carolina Property Tax Commission ("Commission") dismissing its appeal to the Commission as untimely. We reverse the order of the

Commission, and hold that Intermedia's notice of appeal was timely filed.

## Facts

The parties stipulated to the following facts: In July 1999, the State Department of Revenue ("Department") completed an appraisal of Intermedia's property for the tax year 1999. On 27 July 1999, the Department notified Intermedia by letter of its proposed valuation for 1999. The Department's letter concluded with the following paragraph:

> You are hereby notified, however, that the proposed valuation will become final unless written notice of exception is filed with the Property Tax Commission at the above address within twenty (20) days from the date of this notice.

Intermedia received the letter on or about 28 July 1999.

On 5 August 1999, Intermedia's property tax accountant, Bobby Barnes ("Barnes"), drafted a letter to the Commission stating that Intermedia was "filing a written notice of exception for the 1999 Property tax valuation." Barnes submitted the notice letter by facsimile to the Commission on 6 August 1999. The Commission actually received the facsimile notice letter on 6 August 1999. The original 6 August 1999 facsimile is contained in the Commission's file.

Following the Commission's receipt of the notice letter on 6 August 1999, Barnes contacted the Director of the Property Tax Division, Johnny Bailey ("Bailey"), on various occasions regarding Intermedia's desire to appeal. On 17 August 1999, Barnes met with Bailey regarding the contents of the facsimile. Following the meeting, Barnes mailed to Bailey the original notice letter, dated 5 August 1999, and a copy of Intermedia's annual report. Barnes also mailed a copy of the notice letter and an annual report to the Department. The Department received the materials on 19 August 1999.

On 9 September 1999, Barnes received notice from the Commission that the notice letter was received by the Commission, and was recorded as filed with the Commission on 19 August 1999. The letter further stated that the Commission "does not accept, as properly submitted, documents that are transmitted by facsimile . . . . Accordingly, since the notice was not timely received, the [Commission] has no jurisdiction to consider this matter."

**IN RE APPEAL OF INTERMEDIA COMMUNICATIONS, INC.**

[144 N.C. App. 424 (2001)]

A hearing to determine the timeliness of Intermedia's notice of appeal was held before the Commission on 23 February 2000. On 18 April 2000, the Commission dismissed Intermedia's appeal as untimely. Intermedia appeals.

---

The facts of this case are not in dispute. The sole issue is whether the Commission's 6 August 1999 receipt of Intermedia's notice letter by facsimile was sufficient to constitute timely receipt of a written notice of exception. We hold that the facsimile did constitute submission of a written request as required by statute, and that the Commission's actual receipt of the notice letter on 6 August 1999 preserved Intermedia's exception as timely.

The controlling statute is N.C. Gen. Stat. § 105-342(b). It provides:

(b) Appraisal and Apportionment Review.—The appraised valuation of public service company's property and the share thereof apportioned for taxation in this State under G.S. 105-335, 105-336, and 105-337 shall be deemed tentative figures until the provisions of this subsection (b) have been complied with. As soon as practicable after the tentative figures referred to in the preceding sentence have been determined, the Department of Revenue shall give the taxpayer written notice of the proposed figures and shall state in the notice that <u>the taxpayer shall have 20 days after the date on which the notice was mailed in which to submit a written request to the Property Tax Commission for a hearing on the tentative appraisal or apportionment or both.</u> If a timely request for a hearing is not made, the tentative figures shall become final and conclusive at the close of the twentieth day after the notice was mailed. If a timely request is made, the Property Tax Commission shall fix a date and place for the requested hearing and give the taxpayer at least 20 days' written notice thereof. The hearing shall be conducted under the provisions of subsection (d), below.

N.C. Gen. Stat. § 105-342(b) (emphasis added).

G.S. § 105-342(b) does not require that the written request be an original document or a postmarked document. The statute does not prescribe any particular method for submission or delivery of the request. The only statutory requirement for Intermedia to timely appeal the Department's valuation is that Intermedia "submit a written request" to the Commission within 20 days of the 27 July 1999 letter. Intermedia complied with this requirement.

IN RE APPEAL OF INTERMEDIA COMMUNICATIONS, INC.

[144 N.C. App. 424 (2001)]

The Commission concedes that it actually received Intermedia's notice letter on 6 August 1999. The evidence further tends to establish that Intermedia knew that the Commission was in actual receipt of the notice letter on 6 August 1999. Barnes and Bailey discussed the notice letter various times after 6 August 1999. Despite such communications, there is no evidence that the Commission immediately informed Intermedia that the 6 August 1999 facsimile submission was insufficient. Rather, the letter was placed in the Commission's file on Intermedia. We hold that Intermedia sufficiently complied with the statutory requirement of submitting a written request to the Commission on 6 August 1999.

We note that the Commission regards all notices of appeal as jurisdictional, and is scrupulous in evaluating whether notices of appeal are timely filed. The Commission argues that a facsimile transmission of a request should not constitute a "submission" under the statute because such "electronic filings do not provide the reliability and objectivity required for jurisdictional documents." However, the Commission may elect to adopt an official policy or rule regarding facsimile or other transmissions. The Commission has the rule-making authority to do so. *See* N.C. Gen. Stat. § 105-291(b) ("The Department may adopt such rules and regulations, not inconsistent with law, as the Department may deem necessary to perform the duties or responsibilities of this Chapter."). The Commission had not adopted any such rule at the time Intermedia faxed its written notice letter.

The Commission further argues that there is no statute or rule that affirmatively allows for submission of a written request by facsimile transmission. However, " '[t]ax statutes are to be strictly construed against the State and in favor of the taxpayer.' " *Matter of Rock-Ola Cafe*, 111 N.C. App. 683, 686, 433 S.E.2d 236, 237 (1993), *disc. review dismissed as improvidently granted*, 336 N.C. 68, 441 S.E.2d 551 (1994) (quoting *Watson Indus. v. Shaw*, 235 N.C. 203, 211, 69 S.E.2d 505, 511 (1952)). If an ambiguity exists as to the sufficiency of a facsimile submission, the language of the statute is strictly construed against the Commission. *See, e.g., Polaroid Corp. v. Offerman*, 349 N.C. 290, 297, 507 S.E.2d 284, 290 (1998), *cert. denied*, 526 U.S. 1098, 143 L. Ed. 2d 671 (1999) ("Significantly, in matters of statutory construction, an ambiguous tax statute shall be strictly construed against the state and in favor of the taxpayer.").

The statutes also expressly allow for filing of notices of appeal with the Commission by "means other than United States mail." G.S.

§ 105-290(g) governs appeals to the Commission from county commissioners and county boards of equalization and review. This statute deems a notice of appeal as "filed" on the date of receipt by the Commission. The statute provides that "[a] notice of appeal <u>submitted</u> to the Property Tax Commission <u>by a means other than United States mail</u> is considered to be filed <u>on the date it is received in the office of the Commission.</u>" N.C. Gen. Stat. § 105-290(g) (emphasis added). We further note that the appellate courts of this State accept filing by electronic means, and that "[r]esponses and motions may be filed by facsimile machines, if an oral request for permission to do so has first been tendered to and approved by the clerk of the appropriate appellate court." N.C.R. App. P. 26(a)(2).

G.S. § 105-342(b) is the applicable statute that Intermedia was required to follow for appealing the Department's valuation. The statute merely requires that Intermedia "submit a written request" to the Commission. A strict construction of this language against the Commission requires the conclusion that Intermedia complied in all respects with the statute. Intermedia submitted a written notice of exception letter, and the request was submitted to and acknowledged by the Commission within the 20 day time limit.

Reversed.

Judges WALKER and HUNTER concur.