IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
_____

CORINNE T. CIANGI (SALVATORE),

      Appellant,

Vs.

NEIL ANTHONY CIANGI,

    Appellee.

Davidson Circuit No. 83D-2909
C.A. No. 01A01-9805-CV-00236

**FILED**

**June 23, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

FROM THE DAVIDSON COUNTY CIRCUIT COURT
THE HONORABLE MURIEL ROBINSON, JUDGE

James Robin McKinney, Jr. of Nashville
For Appellant

James g. Martin III, Gregory D. Smith
Farris, Warfield & Kanaday, PLC of Nashville
For Appellee

*AFFIRMED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

This appeal involves a petition to modify a final decree of divorce by extending the alimony payments. Appellant, Corinne T. Ciangi (Wife) appeals the trial court's order dismissing the petition.

Neil Anthony Ciangi (Husband) and Wife divorced in 1984. The Final Decree of Divorce in pertinent part provided:

> ORDERED by the Court that husband will pay to wife as alimony *in futuro* $500.00 per month for the first year following the divorce and each year thereafter the amount will be reduced as follows: $400.00 per month for the second year, $300.00 per month for the third year, $200.00 per month for the fourth year and $100.00 per month thereafter until wife reaches the age of 65, remarries or dies. . . .[1]

Husband made all the payments required by the divorce decree until September 27, 1997, when wife turned sixty-five (65). On November 27, 1997, exactly two months after the payment obligation expired, Wife filed a Petition to Modify the Final Decree. Wife alleged that a substantial and material change of circumstances warranted an extension of the alimony *in futuro* payments past her 65th birthday. Husband filed a Motion to Dismiss claiming that he had fully satisfied his obligations under the divorce decree, and that the court no longer had authority to modify a decree which had expired.

A hearing on Husband's motion to dismiss was scheduled for April 3, 1998. Wife's attorney failed to appear for the hearing, and the trial court dismissed her petition to modify the divorce decree without prejudice.

Wife has appealed and presents two issues for review as stated in her brief:

> I. Whether the Trial Court erred in granting the Appellee's Motion to Dismiss.
>
> II. Whether the Appellant is estopped from modifying or extending her award of alimony.

The first issue presented for review is a non-issue, because the trial court did not rule on Husband's motion but dismissed Wife's petition for failure of her attorney to appear at the scheduled hearing.

The second issue for review fails to recognize that this is an appellate court, and our jurisdiction is confined to reviewing the actions of the trial court. The trial court has taken no action concerning the merits of Wife's petition, and a decision on this issue would require this Court to render an advisory opinion. In ***McIntyre v. Traughber***, 884 S.W.2d 134 (Tenn. App.

---

[1]Shortly after the Final Divorce Decree in this matter was entered, the trial court amended the decree to grant Wife $200 per month after the third year until reaching age 65, death or remarriage.

2

1994), this Court said:

> The doctrine of justiciability prompts courts to stay their hand in cases that do not involve a genuine and existing controversy requiring the present adjudication of present rights. *State ex rel. Lewis v. State*, 208 Tenn.. 534, 537, 347 S.W.2d 47, 48 (1961); *Dockery v. Dockery*, 559 S.W.2d 952, 954 (Tenn.Ct.App. 1977). Thus, our courts will not render advisory opinions, *Super Flea Mkt. v. Olsen*, 677 S.W.2d 449, 451 (Tenn.. 1984); *Parks v Alexander*, 608 S.W.2d 881, 892 (Tenn.Ct.App. 1980), or decide abstract legal questions. *State ex rel. Lewis v. State*, 208 Tenn. at 538, 347 S.W.2d at 49.

*Id.* at 137.

The only issue before the Court is whether the trial court erred in dismissing the petition for failure of the attorney to appear for the hearing.

The trial judges of this state are inherently empowered and authorized to control the proceeding in their courts. This authority includes the power to dismiss cases. Tenn.. R. Civ. P. 41.02; *Kotil v. Hydra-Sports, Inc.*, No. 01-A-01-9305-CV00200, 1994 WL 535542 (Tenn. App. Oct. 5, 1994).

> Appellate courts do not treat decisions to dismiss cases . . . lightly. . . . Our reaction to the seeming harshness of the sanction is, however, tempered by the recognition that trial judges must be able to control their dockets and that to do so, they must have available the most severe spectrum of sanctions not merely to penalize those whose conduct warrants sanctions but also to deter others who might be tempted to engage in similar conduct if the sanction did not exist. *Holt v. Webster*, 638 S.W.2d at 394 (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43, 96 S. Ct. 2778, 2780-81 (1976)).

*Kotil,* 1994 WL 535542, at *3.

For the reasons cited above, the imposition of sanctions, including the dismissal of a lawsuit, are discretionary decisions which appellate courts will not disturb absent "an affirmative showing that the trial court acted unreasonably, arbitrarily, or unconscionably." *Id.* at *4.

The trial judge in the present case dismissed Wife's action without prejudice after her attorney failed to appear for a hearing on Husband's motion to dismiss. After examining the record thoroughly, we find not one hint of evidence showing that the trial court abused its discretion or acted unreasonably, arbitrarily or unconscionably.

Accordingly, the order of the trial court dismissing the petition is affirmed. Appellee seeks damages for frivolous appeal pursuant to T.C.A. § 27-1-122 (1980). We note that Wife has made no effort to present any argument concerning the only issue involved in this case, that

3

is: whether the trial court erred in dismissing this case without prejudice. Therefore, we deem this a frivolous appeal, and the case is remanded to the trial court for a determination of the damages for frivolous appeal pursuant to the statute. Costs of the appeal are assessed against the appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**

4