# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 1, 2010

## MICHAEL CARY MURPHY v. TENNESSEE DEPARTMENT OF REVENUE

**Appeal from the Chancery Court for Davidson County**
**No. 08-1019-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M2009-01901-COA-R3-CV - Filed July 13, 2010**

---

Appellant, a former municipal court judge, filed this action to contest the determination by the Department of Revenue that he was not entitled to have a judicial license plate for his vehicle. Appellant served as a municipal court judge from 1996 to 2000 in Morristown, Tennessee, a position to which he was appointed, not elected. He first obtained a judicial license plate in 1996 and following the end of his term in 2000, he annually renewed his judicial license plate. In 2006, Appellant received a notice from the State that he was not presently eligible to have a judicial license plate because the current statute, Tenn. Code Ann. § 55-4-226(f) (2004), provided that only "duly elected" municipal court judges were entitled to judicial license plates. Appellant then pursued a contested case hearing, and when the administrative action was dismissed, Appellant filed a petition for judicial review under the Uniform Administrative Procedures Act. The chancery court upheld the administrative decision based on Tenn. Code Ann. § 55-4-226(f) (2004); however, the statute was amended in a material way in 2009, during the pendency of this case, which was not brought to the attention of the court. The Department has acknowledged in this appeal that the current statute provides that a former "appointed" municipal court judge, such as Appellant, may obtain a judicial license plate. We have determined the 2009 amendment to Tenn. Code Ann. § 55-4-226(f) provides the relief Appellant is seeking; therefore, the issues on appeal are moot. Accordingly, this appeal is dismissed for mootness.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Michael C. Murphy, Morristown, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and Nicholas G. Barca, Assistant Attorney General, for the appellee, Tennessee Department of Revenue.

**OPINION**

This is an administrative appeal arising from the revocation of Appellant's judicial license plate. The appellant, Michael Cary Murphy, served as an appointed municipal court judge for the City of Morristown, Tennessee from 1996 to 2000. In 1996, Appellant obtained a judicial license plate and continued to renew the judicial license plate each year for the following ten years.

In February 2006, the Department of Safety, which administered the issuance of license plates at the time, notified Appellant that he was not entitled to have a judicial plate because he had been "appointed" but not "elected" to the municipal court bench. The statute authorizing judicial plates at the time, Tenn. Code Ann. § 55-4-226(f) (2004), stated that only "duly elected municipal court judge[s]" were eligible for the judicial plates.

Soon thereafter, the responsibility to administer the issuance of license plates in Tennessee was transferred from the Department of Safety to the Department of Revenue. Accordingly, the Department of Revenue notified Appellant of this fact and Appellant has pursued the issue with the Department of Revenue ever since.

When Appellant formally contested the revocation of his judicial license plate, an administrative judge was appointed to preside over the dispute. On September 21, 2006, the Department of Revenue filed a motion to dismiss, or in the alternative, a motion for summary judgment. The motion was heard on November 17, 2006 and on December 13, 2006, the administrative judge dismissed the matter in an initial order. The administrative judge found that Appellant was not eligible to receive a judicial license plate under the applicable statutory scheme, which only allowed "duly elected" municipal court judges to obtain the judicial plates, not "appointed" municipal judges. The administrative judge also found that Appellant had not carried his burden of proof to establish a claim of selective enforcement. Appellant filed a motion for reconsideration, which was denied. The administrative judge entered a final order on March 13, 2008. Appellant then filed a motion to stay the final order, which was denied on April 2, 2008.

Appellant timely filed a petition for judicial review in the Chancery Court of Davidson County claiming, *inter alia*, the revocation of his judicial license plate violated his due process rights and was unconstitutional, and that the administrative decision was arbitrary and capricious. The chancery court upheld the revocation of Appellant's judicial license plate

and rejected all of Appellant's claims including the constitutional challenges and his claim of selective enforcement. This appeal followed.

In this appeal, Appellant contends that the chancery court erred in upholding the revocation of his judicial license plate and in not finding the revocation unconstitutional. The Department of Revenue argues that its action was constitutional and lawful in all respects. The Department also asserts that this appeal should be dismissed because the issue is no longer justiciable because the statute was amended during the pendency of this dispute and the statute presently in effect allows former municipal court judges, whether appointed or elected, to have judicial license plates. We agree, finding the 2009 amendment to Tenn. Code Ann. § 55-4-226(f) renders this action moot.

The dispositive issue on appeal is whether Appellant, a former municipal court judge, was entitled to a judicial license plate under Tenn. Code Ann. § 55-4-226(f) (2004), which was the statute in effect when the Department advised Appellant that he was not entitled to a judicial license plate. The 2004 statute provided:

> An owner or lessee of a motor vehicle who is a resident of this state and who is *a duly elected municipal court judge*, upon complying with state motor vehicle laws relating to registration and licensing of motor vehicles, payment of the regular license fee for plates, as prescribed under § 55-4-111, and payment of the additional fee provided for in § 55-4-203, shall be issued a license plate, as prescribed by § 55-4-101, for motor vehicles authorized by § 55-4-210(c), upon which, instead of the numbers as prescribed by § 55-4-103, shall be inscribed an individual distinctive number.

The decision by the Department of Revenue to deprive Appellant of a judicial license plate was singularly based on the 2004 statute.

The 2004 statute was superseded on July 1, 2009, while the case was pending in the chancery court. Regrettably, it appears that the parties and the chancery court were unaware of the 2009 amendment.

The July 1, 2009 amendment, which is still in effect, changed the statute in a material way, providing:

> An owner or lessee of a motor vehicle who is a resident of this state and *who is a municipal court judge or former municipal court judge*, upon complying with state motor vehicle laws relating to registration and licensing of motor vehicles, payment of the regular license fee for plates, as prescribed under §

55-4-111, payment of the additional fee provided for in § 55-4-203, shall be issued a license plate, as prescribed by § 55-4-101, for motor vehicles authorized by § 55-4-210(c), upon which, instead of the numbers as prescribed by § 55-4-103, shall be inscribed an individual distinctive number.

Tenn. Code Ann. § 55-4-226(f) (2009).

The significance of the 2009 amendment is so apparent that the Department has acknowledged in its appellate brief that the statute "as amended and currently in effect, permits the issuance of [judicial] plates to former appointed municipal judges, such as [Appellant]." Needless to say, Appellant has not challenged the Department on this point. Thus, it is undisputed that Appellant is entitled to a judicial license plate under the current statute.

Having examined the record, we have determined that the current statute provides Appellant with the relief he seeks. Moreover, we are unable to identify any meaningful relief we could provide as it pertains to the period of time prior to the July 1, 2009 amendment. It goes without saying that this court is powerless to turn back the clock.

But for a few exceptions that do not pertain to this appeal,[1] this court does not render advisory opinions concerning issues that have become moot. *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994) (citing *Super Flea Mkt. of Chattanooga v. Olsen*, 677 S.W.2d 449, 451 (Tenn. 1984); *Parks v. Alexander*, 608 S.W.2d 881, 892 (Tenn. Ct. App. 1980)). A case becomes moot "when the prevailing party will be provided no meaningful relief from a judgment in its favor." *County of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996) (citing *McIntyre*, 884 S.W.2d at 137). Moreover, a case is considered moot when it no longer presents a live controversy. *Id*. The case must be justiciable not only when the case is first filed, but "*must remain justiciable throughout the entire course of the litigation, including the appeal*." *McWherter*, 936 S.W.2d at 931 (emphasis added).

The Department has acknowledged on appeal that the statute presently in effect provides that a former appointed municipal judge, such as Appellant, is entitled to a judicial license plate. Whether Appellant would have been entitled to a judicial license plate under the 2004 version of Tenn. Code Ann. § 55-4-226(f) does not present a live controversy. For

---

[1]Two of the most common exceptions to the mootness rule involve: (1) issues of great public interest and importance to the administration of justice, *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994) (citing *Walker v. Dunn*, 498 S.W.2d 102, 104 (Tenn.1972); *New Rivieria Arts Theatre v. State ex rel. Davis*, 412 S.W.2d 890, 893 (1967)), and (2) issues capable of repetition yet evading review. *Id*. (citing *LaRouche v. Crowell*, 709 S.W.2d 585, 587 (Tenn. Ct. App. 1985)).

this court to render a ruling concerning whether Appellant was or was not entitled to a judicial license plate under the 2004 statute would constitute nothing more than an advisory opinion, which we decline to do.

We have determined that the issues concerning the propriety of the decision by the Department of Revenue to not provide a judicial license plate to Appellant pursuant to Tenn. Code Ann. § 55-4-226(f) prior to the 2009 amendment are no longer justiciable. Accordingly, this case shall be dismissed for mootness.

## IN CONCLUSION

This appeal is hereby dismissed and the matter is remanded with costs of appeal assessed against the Appellant, Michael Cary Murphy.

_____
FRANK G. CLEMENT, JR., JUDGE